| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**  
   **VIP Cinema Holdings, Inc.**

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   **47-2002049**

4. **Debtor's address**

   **Principal place of business**  
   **101 Industrial Drive**  
   **New Albany, MS 38652**  
   Number, Street, City, State & ZIP Code

   **Union**  
   County

   **Mailing address, if different from principal place of business**  
   P.O. Box, Number, Street, City, State & ZIP Code

   **Location of principal assets, if different from principal place of business**  
   Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)  
   **https://www.vipcinemaseating.com/**

6. **Type of debtor**  
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

Debtor **VIP Cinema Holdings, Inc.**    Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**3399**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☑ A plan is being filed with this petition.
  - ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

List all cases. If more than 1, attach a separate list

Debtor **SEE ATTACHED RIDER 1**    Relationship
District    When    Case number, if known

Debtor  **VIP Cinema Holdings, Inc.**                              Case number (*if known*)
        Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (*Check all that apply.*)

   - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____
   - ☐ It needs to be physically secured or protected from the weather.
   - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
   - ☐ Other _____

   **Where is the property?** _____
   Number, Street, City, State & ZIP Code

   **Is the property insured?**
   - ☐ No
   - ☐ Yes.   Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*
- ☐ Funds will be available for distribution to unsecured creditors.
- ☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **VIP Cinema Holdings, Inc.**              Case number (*if known*) _____
          Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/18/2020**
              MM / DD / YYYY

X _____        **Stephen Spitzer**
Signature of authorized representative of debtor    Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

X   **/s/ Erin R. Fay**                          Date  **02/18/2020**
Signature of attorney for debtor                        MM / DD / YYYY

**Erin R. Fay**
Printed name

**BAYARD, P.A.**
Firm name

**600 N. King Street**
**Suite 400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-655-5000**      Email address  **efay@bayardlaw.com**

**5268 DE**
Bar number and State

-and-

**Cristine Pirro Schwarzman (*pro hac vice* admission pending)**
Printed name

**ROPES & GRAY LLP**
Firm name

**1211 Avenue of the Americas**
**New York, NY  10036**
Number, Street, City, State & ZIP Code

Contact phone  **212-596-9000**      Email address  **cristine.schwarzman@ropesgray.com**

_____
Bar number and State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of VIP Cinema Holdings, Inc.

- VIP Property Management II, LLC
- VIP Cinema Holdings, Inc.
- VIP Components, LLC
- VIP Cinema, LLC
- HIG Cinema Intermediate Holdings, Inc.

Case 20-10345-MFW    Doc 1    Filed 02/18/20    Page 6 of 20

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VIP CINEMA HOLDINGS, INC., | Case No. 20-_____ (_____) |
| Debtor. | |

## LIST OF EQUITY HOLDERS

Following is a list of debtor VIP Cinema Holdings Inc.'s equity holders.  This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| HIG Cinema Intermediate Holdings, Inc. | 600 Fifth Avenue<br>Floor 24<br>New York, NY  10020 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>VIP CINEMA HOLDINGS, INC.,<br><br>                    Debtor. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 20-_____ (_____)<br>)<br>)<br>)<br>)<br>) |

**CORPORATE OWNERSHIP STATEMENT**

      Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| HIG Cinema Intermediate Holdings, Inc. | 100% |

# RESOLUTIONS OF
# THE BOARD OF DIRECTORS
# OF VIP CINEMA HOLDINGS, INC.

February 14, 2020

The board of directors (the "Board"), of VIP Cinema Holdings, Inc., a Mississippi corporation (the "Company"), hereby takes the following actions and adopts the following resolutions pursuant to the laws of the State of Mississippi:

## CHAPTER 11 FILING

**WHEREAS**, the Board considered presentations by the Company's management (the "Management") and financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the Management and the Advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined in an exercise of its business judgment that it is in the best interest of the Company to undertake the restructuring transactions set forth in the Restructuring Support Agreement[1] and the *Joint Prepackaged Plan of Reorganization of VIP Cinema Holdings and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, and to take such other actions with respect thereto as shall be authorized in the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, or another court of proper jurisdiction (the "Bankruptcy Court");

**RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, Treasurer, Vice President, Secretary, or any other duly-appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms elsewhere in this Resolution of the Board of Directors of VIP Cinema Holdings, Inc.

## RESTRUCTURING SUPPORT AGREEMENT

**WHEREAS,** the Board of the Company has determined that it is advisable and in the best interests of the Company, its creditors, and other parties in interest to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the Company, certain of their affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Board on or in advance of the date hereof.

**RESOLVED,** that the Company shall be, and hereby is, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of the Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

## CASH COLLATERAL & DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, the Company will obtain benefits from the Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (collectively, the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a) that certain First Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified), by and among VIP Cinema Holdings, Inc., as borrower, HIG Cinema Intermediate Holdings, Inc., the other guarantors party thereto, certain lenders party thereto, and Wilmington Savings Fund Society, FSB, as successor administrative agent and collateral agent;

(b) that certain Second Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified), by and among VIP Cinema Holdings, Inc., as borrower, HIG Cinema Intermediate Holdings, Inc., the other guarantors party thereto, certain lenders party thereto, and Oaktree Fund Administration, LLC, as successor administrative agent and collateral agent.

**WHEREAS**, reference is made to those certain debtor-in-possession financing proposals that set forth the terms and conditions of the debtor-in-possession financing to be provided to VIP Cinema Holdings, Inc. (the "Borrower") by the lenders listed therein (the "DIP Lenders");

**WHEREAS**, the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession facility (the "DIP Facility"') to the Company;

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Company entering into a binding credit agreement (the "DIP Credit Agreement"), and otherwise satisfying certain conditions in connection therewith (together, the "DIP Obligations");

**WHEREAS**, the Company will obtain benefits from the DIP Obligations, and it is advisable and in the best interest of the Company to enter into the DIP Obligations and any documents related thereto, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS**, the Borrower and the DIP Lenders are continuing negotiations regarding the final form of the DIP Obligations;

**NOW, THEREFORE, BE IT RESOLVED**, that the terms and provisions of the DIP Obligations presently before the Board, and the transactions contemplated thereunder (including, without limitation, the borrowings thereunder), and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED**, that the Company will obtain benefits from the DIP Obligations and it is advisable and in the best interest of the Company to enter into the DIP Obligations and each other document required in connection therewith, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED**, that the Company shall be, and hereby is, authorized to enter into and incur the DIP Obligations, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to incur the DIP Obligations and to seek approval of the use of Cash Collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes

therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED,** that any Authorized Officer or other officer of the Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Obligations, the proposed loan documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively, and together with the DIP Credit Agreement, the "Financing Documents"'), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and

**RESOLVED,** that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

## RETENTION OF PROFESSIONALS

**WHEREAS,** the Board has determined that it is advisable and in the best interest of the Company to retain certain professionals in connection with the foregoing.

**NOW, THEREFORE BE IT RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Ropes & Gray LLP, as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential restructuring, including those contemplated by the Restructuring Support Agreement, on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Ropes & Gray LLP in accordance with applicable law; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of UBS Securities LLC, as the Company's investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby

authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain UBS Securities LLC in accordance with applicable law; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of AP Services, LLC, as the Company's financial advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain AP Services, LLC in accordance with applicable law; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Omni Agent Solutions, Inc., as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Omni Agent Solutions, Inc. in accordance with applicable law; and

**RESOLVED,** that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED,** that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such cases.

## **GENERAL**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED**, that the Company and the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that to the extent the Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company"') of any other Company, each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company; and

**RESOLVED**, that this resolution may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same resolution.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, the undersigned, being a duly appointed officer of the Company, certifies pursuant to 28 U.S.C. § 1746 that the above resolutions were adopted by a unanimous Board as of the date first written above.

*[signature]*
Stephen Spitzer
Title: Chief Restructuring Officer

| Debtor name | VIP Cinema Holdings, Inc. |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | |
| Case No. (If known) | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Oaktree Capital Management, LP 1301 Ave of the Americas, 34th Fl New York, NY 10019 | Oaktree Capital Management, LP | Secured Second Lien Term Loan | | | | $45,000,000.00 *Principal Outstanding |
| 2 | Regal Cinemas, Inc 101 E Blount Ave Knoxville, TN 37920 | Regal Cinemas, Inc | Litigation | Contingent, Unliquidated & Disputed | | | $898,840.54 |
| 3 | Super Sagless 2071 S Green St Tupelo, MS 38804 | Super Sagless | Trade Debts | | | | $304,779.44 |
| 4 | Limoss US, LLC 964 Hwy 45 N Baldwyn, MS 38824 | Limoss US, LLC | Trade Debts | | | | $225,818.34 |
| 5 | Gum Tree Fabrics P.O. Box 7278 Tupelo, MS 38802 | Gum Tree Fabrics | Trade Debts | | | | $225,463.43 |
| 6 | DHL Global Forwarding 19120 Kenswick Dr Humble, TX 77338 | DHL Global Forwarding | Trade Debts | | | | $129,465.51 |

**Debtor name** VIP Cinema Holdings, Inc.        Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 7  Southeastern Lumber Inc<br>433 County Farm Rd<br>Waynesboro, MS 39367 | Southeastern Lumber Inc | Trade Debts | | | | $125,729.98 |
| 8  Carpenter Co<br>184 Lipford Ave<br>Verona, MS 38879 | Carpenter Co | Trade Debts | | | | $90,057.29 |
| 9  Sunrise Technologies<br>525 Vine St, Ste 210<br>Winston-Salem, NC 27101 | Sunrise Technologies | Trade Debts | | | | $73,757.75 |
| 10 Dimensional Innovations<br>3421 Merriam Ln<br>Overland Park, KS 66203 | Dimensional Innovations | Trade Debts | | | | $73,203.40 |
| 11 Pine Belt<br>16 Keystone Dr<br>Hattiesburg, MS 39402 | Pine Belt | Trade Debts | | | | $66,417.62 |
| 12 GF Hardwood<br>9880 Clay County Hwy<br>Moss, TN 38575 | GF Hardwood | Trade Debts | | | | $30,450.86 |
| 13 Northern Contours, Inc<br>409 S Robert St<br>Fergus Falls, MN 56537 | Northern Contours, Inc | Trade Debts | | | | $26,304.21 |

Debtor name  **VIP Cinema Holdings, Inc.**    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14  Feilitech US LLC<br>1279 County Rd 681<br>Saltillo, MS 38866 | Feilitech US LLC | Trade Debts | | | | $25,856.73 |
| 15  Raffel Systems/BJ Sales<br>N112W14600 Mequon Rd<br>Germantown, WI 53022 | Raffel Systems/BJ Sales | Trade Debts | | | | $22,845.86 |
| 16  Abby Manufacturing<br>501 Pulliam Rd<br>Walnut, MS 38683 | Abby Manufacturing | Trade Debts | | | | $18,618.60 |
| 17  Whitaker Sales, Inc<br>119 Midway Dr<br>Verona, MS 38879 | Whitaker Sales, Inc | Trade Debts | | | | $18,077.86 |
| 18  Packsize, LLC<br>29575 Network Pl<br>Chicago, IL 60673-1295 | Packsize, LLC | Trade Debts | | | | $17,532.73 |
| 19  Omni Logistics<br>921 W Bethel Rd, Bldg 200, Ste 201<br>Coppell, TX 75019 | Omni Logistics | Trade Debts | | | | $17,175.00 |
| 20  Norbord Inc<br>1 Toronto Way<br>Guntown, MS 38849 | Norbord Inc | Trade Debts | | | | $16,531.20 |

**Debtor name** VIP Cinema Holdings, Inc.      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 21  Quality Fibers, Inc<br>858 Mitchell Rd<br>Tupelo, MS 38801 | Quality Fibers, Inc | Trade Debts | | | | $16,278.78 |
| 22  Southern Fastening Systems, Inc<br>330 S Church St<br>Tupelo, MS 38801 | Southern Fastening Systems, Inc | Trade Debts | | | | $16,134.03 |
| 23  Handy Kenlin Group<br>29 E Hintz Rd<br>Wheeling, IL 60090 | Handy Kenlin Group | Trade Debts | | | | $14,821.21 |
| 24  Gen Pac, Inc<br>334 Whitaker Dr<br>Tupelo, MS 38804 | Gen Pac, Inc | Trade Debts | | | | $14,652.60 |
| 25  Innovative Operational Solutions, Inc<br>12038 E Mercer Ln<br>Scottsdale, AZ 85259 | Innovative Operational Solutions, Inc | Professional Services | | | | $12,500.00 |
| 26  Gallagher Benefit Services, Inc<br>2850 W Golf Rd, 5th Fl<br>Rolling Meadows, IL 60008 | Gallagher Benefit Services, Inc | Trade Debts | | | | $11,500.00 |
| 27  Great Southern Industries, Inc<br>1320 Boling St<br>Jackson, MS 39209 | Great Southern Industries, Inc | Trade Debts | | | | $9,244.60 |

**Debtor name**  VIP Cinema Holdings, Inc.          Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Maco Logistics<br>790 4th St<br>Memphis, TN 38126 | Maco Logistics | Trade Debts | | | | $9,065.00 |
| 29  UFI Royal Development<br>c/o United Furniture<br>325 Kettering Rd<br>High Point, NC 27263 | UFI Royal Development | Trade Debts | | | | $7,182.50 |
| 30  Lippert Components, Inc<br>3501 County Rd 6 E<br>Elkhart, IN 46514-7663 | Lippert Components, Inc | Trade Debts | | | | $7,176.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | VIP Cinema Holdings, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☒ Other document that requires a declaration   List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/18/2020      X  /s/ Stephen Spitzer
                                 Signature of individual signing on behalf of debtor

                                 **Stephen Spitzer**
                                 Printed name

                                 **Chief Restructuring Officer**
                                 Position or relationship to debtor