**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIP PROPERTY MANAGEMENT II, LLC, | ) | Case No. 20-10344 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3141421 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA HOLDINGS, INC., *et al.*, | ) | Case No. 20-10345 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-2002049 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HIG CINEMA INTERMEDIATE HOLDINGS, INC., | ) | Case No. 20-10346 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-5194710 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP COMPONENTS, LLC, | ) | Case No. 20-10347 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3754648 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA, LLC, | ) | Case No. 20-10348 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3147167 | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (A) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1]

respectfully state as follows in support of this motion (the "Motion"):[2]

### RELIEF REQUESTED

1.       The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**, (a) directing joint administration of these chapter 11 cases for procedural purposes only

and (b) granting related relief.  The Debtors request that one file and one docket be maintained for

all of the jointly administered cases under the case of VIP Cinema Holdings, Inc. and that the cases

be administered under a consolidated caption, as follows:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA HOLDINGS, INC., *et al.*,[1] | ) | Case No. 20-10345 ([_____]) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been requested, along with the last four digits of their federal tax identification numbers, are as follows:  VIP Cinema Holdings, Inc. (2049); HIG Cinema Intermediate Holdings, Inc. (4710); VIP Components, LLC (4648); VIP Cinema, LLC (7167); and VIP Property Management II, LLC (1421).

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been requested, along with the last four digits of their federal tax identification numbers, are as follows:  VIP Cinema Holdings, Inc. (2049); HIG Cinema Intermediate Holdings, Inc. (4710); VIP Components, LLC (4648); VIP Cinema, LLC (7167); and VIP Property Management II, LLC (1421).

[2]    The facts and circumstances supporting this motion are set forth in the *Declaration of Stephen Spitzer, Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this motion and incorporated by reference herein. Capitalized terms used but not immediately defined have the meanings ascribed to them elsewhere in this motion or in the First Day Declaration, as applicable.

2.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than VIP Cinema Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: VIP Cinema Holdings, Inc., Case No. 20-10345 ([___]); HIG Cinema Intermediate Holdings, Inc., Case No. 20-10346 ([___]); VIP Components, LLC, Case No. 20-10347 ([___]); VIP Cinema, LLC, Case No. 20-10348 ([___]); and VIP Property Management II, LLC, Case No. 20-10344 ([___])). The docket in Case No. 20-10345 ([__]) should be consulted for all matters affecting this case.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## BACKGROUND

7.    The Debtors (together with HIG Cinema Holdings, Inc. and VIP Cinema Seating International LTD, the "Company") comprise a multinational enterprise that is the largest manufacturer, and pioneer, of luxury recliner seating for movie theaters.  The Company also offers an array of movie-theatre services, including seat cleaning and reupholstering, seat and slipcover installation, and the provision of replacement parts.  With headquarters, offices, and services across the United States, the United Kingdom, and Dubai, and the provision of goods and services to many of the leading movie theatres across the world, the Company has a broad domestic and global reach.

8.    On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## BASIS FOR RELIEF

9.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.  The five (5) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

- 4 -

10.    Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.   An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.   An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.    Courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Destination Maternity Corporation, et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (directing joint administration of chapter 11 cases); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 3, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same).[3]

12.    Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.   Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.   The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware (the

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

"U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

14.    Notice of this Motion has been provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under that certain First Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified, the "First Lien"), by and among VIP Cinema Holdings, Inc. ("Borrower"), as borrower, HIG Cinema Intermediate Holdings, Inc. ("Holdings"), the other guarantors party thereto, certain lenders party thereto, and Wilmington Savings Fund Society, FSB, as successor administrative agent and collateral agent; (d) counsel to the ad hoc group of certain holders of indebtedness arising under the First Lien; (e) counsel to certain lenders under that certain Second Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified, the "Second Lien"), by and among Borrower, as borrower, Holdings, the other guarantors party thereto, certain lenders party thereto, and Oaktree Fund Administration, LLC, as successor administrative agent and collateral agent; (f) counsel to the agent under the Second Lien; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service;

(i) the attorneys general for the states in which the Debtors operate; (j) the Cash Management Banks (as defined in *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing the Debtors to (i) Continue to Operate Their Cash Management System, (ii) Maintain Existing Business Forms and Books and Records, and (iii) Perform Intercompany Transactions and Granting Administrative Expense Status to Intercompany Payments and (b) Granting Related Relief*); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof.  As this Motion is seeking "first day" relief, within two business days following the hearing on this Motion, copies of this Motion and any order entered in respect to this Motion will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 18, 2020
Wilmington, Delaware

**BAYARD, P.A.**

/s/ *Erin R. Fay*
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
Gregory J. Flasser (No. 6154)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  efay@bayardlaw.com
　　　　dbrogan@bayardlaw.com
　　　　gflasser@bayardlaw.com

- and -

Gregg M. Galardi (No. 2991)
Cristine Pirro Schwarzman (*pro hac vice* pending)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  gregg.galardi@ropesgray.com
　　　　cristine.schwarzman@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIP PROPERTY MANAGEMENT II, LLC, | ) | Case No. 20-10344 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3141421 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA HOLDINGS, INC., *et al.*, | ) | Case No. 20-10345 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-2002049 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HIG CINEMA INTERMEDIATE HOLDINGS, INC., | ) | Case No. 20-10346 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-5194710 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP COMPONENTS, LLC, | ) | Case No. 20-10347 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3754648 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA, LLC, | ) | Case No. 20-10348 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3147167 | ) | |

## ORDER (A) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth below.

---

[1]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-10345 ([___]).

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VIP CINEMA HOLDINGS, INC., *et al.*,[1] | ) | Case No. 20-10345 ([____]) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

---

[1]     The Debtors in these chapter 11 cases, for which joint administration has been requested, along with the last four digits of their federal tax identification numbers, are as follows:  VIP Cinema Holdings, Inc. (2049); HIG Cinema Intermediate Holdings, Inc. (4710); VIP Components, LLC (4648); VIP Cinema, LLC (7167); and VIP Property Management II, LLC (1421).

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than VIP Cinema Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: VIP Cinema Holdings, Inc., Case No. 20-10345 ([___]); HIG Cinema Intermediate Holdings, Inc., Case No. 20-10346 ([___]); VIP Components, LLC, Case No. 20-10347 ([___]); VIP Cinema, LLC, Case No. 20-10348 ([___]); and VIP Property Management II, LLC, Case No. 20-10344 ([___]). The docket in Case No. 20-10345 ([__]) should be consulted for all matters affecting this case.

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


February_____, 2020                   _____
Wilmington, Delaware                             UNITED STATES BANKRUPTCY JUDGE