**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| VIP CINEMA HOLDINGS, INC., *et al.*,[1] | )   Case No. 20-10345 (MFW) |
| | ) |
| Debtors. | )   (Joint Administration Requested) |
| | ) |
| | ) |

**DEBTORS' MOTION FOR ENTRYOF AN ORDER
(A) AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS, AND (III) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND
INTEREST HOLDERS AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A,** (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting

a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest

unsecured creditors, and (iii) redact certain personal identifiable information for the Debtors'

individual creditors and interest holders; and (b) granting related relief.

---

[1]   The Debtors in these chapter 11 cases, for which joint administration has been requested, along with the last four
digits of their federal tax identification numbers, are as follows:  VIP Cinema Holdings, Inc. (2049); HIG Cinema
Intermediate Holdings, Inc. (4710); VIP Components, LLC (4648); VIP Cinema, LLC (7167); and VIP Property
Management II, LLC (1421).

[2]   The facts and circumstances supporting this Motion are set forth in the *Declaration of Stephen Spitzer, Chief
Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the
"First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.
Capitalized terms used but not immediately defined have the meanings ascribed to them elsewhere in this Motion
or in the First Day Declaration, as applicable.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1007, 2002, and 9013-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1, and 9013-1(m).

## BACKGROUND

5.      The Debtors (together with HIG Cinema Holdings, Inc. and VIP Cinema Seating International LTD, the "Company") comprise a multinational enterprise that is the largest manufacturer, and pioneer, of luxury recliner seating for movie theaters.  The Company also offers an array of movie-theatre services, including seat cleaning and reupholstering, seat and slipcover installation, and the provision of replacement parts.  With headquarters, offices, and services across the United States, the United Kingdom, and Dubai, and the provision of goods and services to many of the leading movie theatres across the world, the Company has a broad domestic and global reach.

6.      On the date hereof, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## BASIS FOR RELIEF

**I.      CAUSE EXISTS TO AUTHORIZE THE DEBTORS TO PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX.**

7.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Rule 1007-2(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

8.      Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix.  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice."  Permitting the Debtors to maintain a consolidated list of their creditors (the "Creditor Matrix") in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases.  Because the Debtors have hundreds of creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.  For this reason, the courts in this jurisdiction have granted relief similar to the relief requested herein.  *See, e.g., In re Destination*

*Maternity Corp.,* No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Forever 21, Inc.,* No 19-12122 (KG) (Bankr. D. Del Oct. 1, 2019) (same); *In re Blackhawk Mining, LLC,* No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (same); *In re PES Holdings, LLC,* No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same); *In re Z Gallerie, LLC,* No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same).[3]

9.      The Debtors, working together with Omni Agent Solutions, Inc. as their claims and noticing agent in these chapter 11 cases (the "<u>Proposed Claims and Noticing Agent</u>"),[4] have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors will make the Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.

## II.    CAUSE EXISTS TO AUTHORIZE THE DEBTORS TO FILE A SINGLE CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS.

10.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  Because the Debtors operate as a single business enterprise and certain of the Debtors share many creditors, the Debtors request authority to file a single, consolidated list of their thirty largest general unsecured creditors.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[4] The request to retain the Proposed Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Appointment of Omni Agent Solutions, Inc. as Claims and Noticing Agent,* filed contemporaneously herewith.

11.     Compiling separate top twenty creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources.  Further, the Debtors believe a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the United States Trustee for the District of Delaware (the "U.S. Trustee") in its efforts to communicate with these creditors.  Accordingly, the Debtors submit that filing a single consolidated list of the thirty largest unsecured creditors in these chapter 11 cases is appropriate.

12.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See, e.g.*, *In re Destination Maternity Corp.,* No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing a consolidated top fifty general unsecured creditors list); *In re Forever 21, Inc.*, No 19-12122 (KG) (Bankr. D. Del Oct. 1, 2019) (authorizing a consolidated top thirty general unsecured creditors list); *In re BlackhawkMining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (permitting a consolidated list of creditors); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same); *In re Z Gallerie, LLC,* No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same).

## III.     CAUSE EXISTS TO REDACT CERTAIN CONFIDENTIAL AND PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND INTEREST HOLDERS.

13.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

14.     Certain of the Debtors' creditors, particularly certain employees, are located in countries in the European Union, which regulates the disclosure of personal information. Specifically, the European General Data Protection Regulation (the "GDPR"), which applies to all European Union member countries, imposes significant constraints on the disclosure of "personally identifiable information," with severe penalties for violations of the GDPR.  If an organization is found to be in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).  Violation of applicable privacy law can result in severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring.

15.     Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Loot Crate, Inc.,* No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC,* No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (authorizing the debtors to redact personally identifiable information of their employees and former employees on the creditor matrix); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing debtor to list on creditor matrix the debtor's corporate mailing address instead of home addresses for current employees); *In re ModelReorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (providing that the debtors were "not required to include the home addresses of their employees in their Creditor Matrix").

16.     Further, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases the home addresses of the Debtors' individual creditors and interest holders because such information could be used, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.  The Debtors propose to provide an unredacted version of the Creditor Matrix and any other applicable filings to the Court, the U.S. Trustee and any other parties in interest upon reasonable request.[5]  In addition, the Debtors will distribute to their current employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.

17.     Indeed, in *Dex Media,* the U.S. Trustee objected to the debtors' request to redact employees' addresses, arguing that there was no basis for treating employees differently from other creditors absent specific identifiable harm.  Judge Gross rejected this argument, recognizing the importance of protecting individuals from unnecessary security risk:

> I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so, you know, I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly.  I think that that is -- creates a possibility of abuse and so, I am going to grant the order [to seal].

Hr'g Tr. at 21:13-21, *In re Dex Media, Inc.,* No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

18.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the European GDPR, personally identifiable information—including home addresses—in respect of the Debtors' individual creditors and interest holders who are listed on the Creditor Matrix or any other

---

[5]     The Debtors will submit an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any other parties in interest upon reasonable request, with the exception of employees located in the European Union whose personal information is subject to regulation under the GDPR.

document filed with the Court.  Absent such relief, the Debtors are exposed to severe monetary penalties and unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## **NOTICE**

19.    Notice of this Motion has been provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under that certain First Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified, the "First Lien"), by and among VIP Cinema Holdings, Inc. ("Borrower"), as borrower, HIG Cinema Intermediate Holdings, Inc. ("Holdings"), the other guarantors party thereto, certain lenders party thereto, and Wilmington Savings Fund Society, FSB, as successor administrative agent and collateral agent; (d) counsel to the ad hoc group of certain holders of indebtedness arising under the First Lien; (e) counsel to certain lenders under that certain Second Lien Credit Agreement, dated as of March 1, 2017 (as amended, restated, supplemented, or otherwise modified, the "Second Lien"), by and among Borrower, as borrower, Holdings, the other guarantors party thereto, certain lenders party thereto, and Oaktree Fund Administration, LLC, as successor administrative agent and collateral agent; (f) counsel to the agent under the Second Lien; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) the attorneys general for the states in which the Debtors operate; (j) the Cash Management Banks (as defined in *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing the Debtors to (i) Continue to Operate Their Cash Management System, (ii) Maintain*

*Existing Business Forms and Books and Records, and (iii) Perform Intercompany Transactions and Granting Administrative Expense Status to Intercompany Payments and (b) Granting Related Relief*); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof.  As this Motion is seeking "first day" relief, within two business days following the hearing on this Motion, copies of this Motion and any order entered in respect to this Motion will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 18, 2020
Wilmington, Delaware

**BAYARD, P.A.**

/s/ *Erin R. Fay*

Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
Gregory J. Flasser (No. 6154)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  efay@bayardlaw.com
        dbrogan@bayardlaw.com
        gflasser@bayardlaw.com

- and -

Gregg M. Galardi (No. 2991)
Cristine Pirro Schwarzman (*pro hac vice* pending)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  gregg.galardi@ropesgray.com
        cristine.schwarzman@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VIP CINEMA HOLDINGS, INC., *et al.*,[1] | ) Case No. 20-10345 (MFW) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No.** |

**ORDER (A) AUTHORIZING THE DEBTORS TO
(I) FILE A CONSOLIDATED LIST OF CREDITORS IN
LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (III) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND INTEREST HOLDERS AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (iii) redact certain personally identifiable information for the Debtors' individual creditors and interest holders; and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been requested, along with the last four digits of their federal tax identification numbers, are as follows:  VIP Cinema Holdings, Inc. (2049); HIG Cinema Intermediate Holdings, Inc. (4710); VIP Components, LLC (4648); VIP Cinema, LLC (7167); and VIP Property Management II, LLC (1421).

[2]    Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Motion.

with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted to the extent as set forth below.

2.       In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

3.       The Debtors are authorized to file a consolidated list of the thirty largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

4.       The Debtors are authorized to redact personally identifiable information, including, but not limited to, home address information, in respect of the Debtors' individual creditors and interest holders listed on the Creditor Matrix or similar document filed with the Court pursuant to

11 U.S.C § 107(c)(1)(A) and in compliance with the European General Data Protection Regulation. The Debtors shall provide an unredacted version of the Creditor Matrix and any other applicable filed document to the Court, the U.S. Trustee, and any party in interest upon reasonable request with the exception of those employees subject to the European General Data Protection Regulation.

5.      The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      The Debtors are authorized to limit notices required under Bankruptcy Rule 2002 to those creditors for which the Debtors are unable to determine notice addresses after expending reasonable, good faith efforts.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  February____, 2020
Wilmington, Delaware

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

-3-